1 | AYTAN Y. BELLIN
(motion for admission *pro hac vice* to be filed)
2 | AYTAN.BELLIN@BELLINLAW.COM
BELLIN & ASSOCIATES LLC
3 | 85 Miles Avenue
White Plains, New York 10606
4 | Telephone: (914) 358-5345
Facsimile: (212) 571-0284
5 |
6 | ROGER FURMAN (STATE BAR NO. 149570)
roger.furman@yahoo.com
7 | 7485 Henefer Avenue
Los Angeles, California 90045
8 | Telephone: (310) 568-0640
Facsimile: (310) 694-9083
9 |
Attorneys for Plaintiff 3081 Main Street, LLC
10 | d/b/a New England Wine and Spirits.

BY: _____
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
11 NOV 23 PM 2: 46
FILED

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| 3081 MAIN STREET, LLC d/b/a NEW ENGLAND WINE AND SPIRITS, on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> CREATIVE AGE PUBLICATIONS, INC., <br><br> Defendant. | Case No. CV11- 09774 JFW (SHx) <br> Hon. <br><br> **COMPLAINT FOR:** <br><br> **1. MONETARY RELIEF FOR VIOLATION OF 47 U.S.C. § 227(b) AND 47 C.F.R. § 64.1200** <br> **2. MONETARY RELIEF FOR VIOLATION OF 47 U.S.C. § 227(b) AND 47 C.F.R. § 64.1200** <br> **3. INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C. § 227(b) AND 47 C.F.R. § 64.1200** <br> **4. MONETARY RELIEF FOR VIOLATION OF CONN. GEN. STAT § 52-570c(a)** <br> **5. INJUNCTIVE RELIEF FOR VIOLATION OF CONN. GEN. STAT § 52-570c(a)** <br> **6. MONETARY RELIEF FOR VIOLATION OF CAL. BUS. & PROFESSIONS CODE § 17538.43(b)** <br> **7. INJUNCTIVE RELIEF FOR VIOLATION OF CAL. BUS. & PROFESSIONS CODE § 17538.43(b)** <br> **CLASS ACTION** <br> **DEMAND FOR JURY TRIAL** |

0

1    Plaintiff 3081 Main Street, LLC d/b/a New England Wine and Spirits
2    ("3081 Main" or "Plaintiff"), on behalf of itself and all others similarly situated,
3    by its attorneys, for its complaint against defendant Creative Age Publications,
4    Inc. ("Creative" or "Defendant"), alleges as follows:

### JURISDICTION AND VENUE

6         1.    This Court has federal question jurisdiction over this action pursuant
7    to 28 U.S.C. § 1331 because this action is based on the federal Telephone
8    Consumer Protection Act and regulations thereunder.  This Court also has
9    diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because, upon
10   information and belief, the matter in controversy concerning the TCPA exceeds
11   $5,000,000, exclusive of interest and costs, involves thousands of class members,
12   and is a class action in which at least one member of the class, including the
13   named Plaintiff, is a citizen of a state different from the state of which Defendant
14   is a citizen.

15        2.    Venue in this judicial district is proper pursuant to 28 U.S.C. §§
16   1391(a)(2) and 1391(b)(2) because, upon information and belief, a substantial
17   part of the events or omissions giving rise to the claims in this case occurred in
18   this judicial district.

### THE PARTIES

20        3.    Plaintiff 3081 Main is a limited liability company organized under
21   the laws of the State of Connecticut, with its principal place of business located at
22   590 Danbury Road #2, Ridgefield, Connecticut 06877.

23        4.    Defendant Creative is a corporation organized under the laws of the
24   State of California, with its principal place of business located at 7628 Densmore
25   Avenue, Van Nuys, California 91406.

26

27

28

## FACTS UNDERLYING THIS COMPLAINT

5.     Plaintiff brings this action against Defendant for violating the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), and the regulations promulgated thereunder.  Congress enacted the TCPA in 1991 to prevent the faxing of unsolicited advertisements to persons who had not provided express invitation or permission to receive such faxes.  Congress believed that unsolicited fax advertisements improperly shift advertising costs to unwilling fax recipients and interfere with the use of fax machines by those recipients, who are consumers and businesses.  Regulations enacted pursuant to the TCPA also prohibit the sending of solicited fax advertisements that do not contain proper opt-out notices. Plaintiff also brings this action against Defendant for violating Conn. Gen. Stat. § 52-570c and Cal. Bus. & Professions Code § 17538.43(b), both of which prohibit the transmission of unsolicited fax advertisements.

6.     Upon information and belief, on or about November 8, 2011, Defendant, without Plaintiff's express invitation or permission, arranged for and/or caused a telephone facsimile machine, computer, or other device to send an unsolicited fax advertisement (the "fax advertisement") advertising the commercial availability or quality of property, goods or services, to Plaintiff at Plaintiff's fax machine located in Ridgefield, Connecticut.  A copy of the unsolicited fax advertisement is attached as Exhibit 1 and is incorporated by reference.

7.     The fax advertisement attached as Exhibit 1 was wholly unsolicited in that it was sent to Plaintiff by Defendant without Plaintiff's express invitation or permission.

8.     The fax advertisement contains a notice at the bottom that purportedly permits individuals to remove themselves from receiving faxes concerning a subscription to Nailpro Magazine.  The notice states: "If you do not wish to receive information about your subscription to Nailpro via fax, then you

1   may call toll-free 800.624.4196 (847.763.9615), or use the Privacy Preference

2   Center on nailpro.com, or check the following statement and fax this form back to

3   866.231.5372. ☐ **Do not contact me via fax.**"

4        9.    The notice on the fax advertisement does not satisfy the requirements

5   of 47 U.S.C. § 227(b)(2)(D) because, among other things, the notice fails to state

6   that (A) the recipient may make a request to the sender of the unsolicited

7   advertisement not to send any future unsolicited advertisements to a telephone

8   facsimile machine or machines; (B) a person's request to opt-out of future fax

9   advertising will only be effective if the request identifies the telephone number or

10   numbers of the telephone facsimile machine or machines to which the request

11   relates; (C) failure to comply, within the shortest reasonable time, as determined

12   by the Federal Communications Commission, with such an opt-out request is

13   unlawful; and (D) such an opt-out request will be effective so long as the person

14   making the request does not, subsequent to such request, provide express

15   invitation or permission to the sender, in writing or otherwise, to send such

16   advertisements to such person at his or her telephone facsimile machine.

17        10.    The notice on the fax advertisement also does not satisfy the

18   requirements of 47 C.F.R. § 64.1200 (a)(3)(iii) because, among other things, the

19   notice fails to state that (A) the recipient may make a request to the sender of the

20   unsolicited advertisement not to send any future unsolicited advertisements to a

21   telephone facsimile machine or machines; (B) a person's request to opt-out of

22   future fax advertising will only be effective if the request identifies the telephone

23   number or numbers of the telephone facsimile machine or machines to which the

24   request relates; (C) failure to comply, within 30 days, with such an opt-out

25   request is unlawful; and (D) such an opt-out request will only be effective so long

26   as the person making the request does not, subsequent to such request, provide

27   express invitation or permission to the sender, in writing or otherwise, to send

28   such advertisements to such person at his or her telephone facsimile machine.

1    11.    Upon information and belief, Defendant has, from four years prior to
2  the date of the filing of the instant Complaint through the present, either
3  negligently or willfully and/or knowingly sent and/or arranged to be sent more
4  than 10,000 *unsolicited* fax advertisements, advertising the commercial
5  availability or quality of property, goods, or services, to fax machines and/or
6  computers belonging to thousands of persons all over the United States.  Upon
7  information and belief, those facsimile advertisements contained a notice at the
8  bottom identical or substantially similar to that contained on the fax
9  advertisement sent to Plaintiff.

10    12.    Upon information and belief, Defendant has, from four years prior to
11  the date of the filing of this complaint through the present, either negligently or
12  willfully and/or knowingly sent and/or arranged to be sent more than 10,000
13  *unsolicited and/or solicited* fax advertisements, advertising the commercial
14  availability or quality of property, goods, or services, to fax machines and/or
15  computers belonging to thousands of persons all over the United States.  Upon
16  information and belief, those facsimile advertisements contained a notice at the
17  bottom identical or substantially similar to that contained on the fax
18  advertisement sent to Plaintiff.

19    13.    Upon information and belief, Defendant has, from two years prior to
20  the date of the filing of this complaint through the present, sent or caused to be
21  sent at least thousands of unsolicited facsimile advertisements to Plaintiff and
22  other persons in the State of Connecticut.

23    14.    Upon information and belief, Defendant has, from three years prior
24  to the date of the filing of this complaint through the present, sent or caused to be
25  sent from California more than 10,000 unsolicited facsimile advertisements to
26  Plaintiff and other persons throughout the United States.

27
28

## THE TELEPHONE CONSUMER PROTECTION ACT AND
## REGULATIONS THEREUNDER

15.   The Telephone Consumer Protection Act of 1991, Pub. L. 102-243, § 3(a), added Section 227 to Title 47 of the United States Code, 47 U.S.C. § 227. In pertinent part, 47 U.S.C. § 227(b) provides that "[i]t shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States . . . to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine[.]" 47 C.F.R. § 64.1200(a), a regulation prescribed under 47 U.S.C. § 227(b) and effective as of December 20, 1992, provides in pertinent part that "[n]o person may . . . [u]se a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine."

16.   As used in both 47 U.S.C. § 227 and 47 C.F.R. § 64.1200, "[t]he term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(5).

17.   47 U.S.C. § 227(b)(1)(C)(iii) further provides that it is unlawful to send an unsolicited facsimile advertisement unless, among other things, the unsolicited facsimile advertisement contains a notice meeting the requirements set forth in 47 U.S.C. § 227(b)(2)(D), which in turn provides that:

a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if--

(i) the notice is clear and conspicuous and on the first page of the unsolicited advertisement;

(ii) the notice states that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or

machines and that failure to comply, within the shortest reasonable time, as determined by the Commission, with such a request meeting the requirements under subparagraph (E) is unlawful;

(iii) the notice sets forth the requirements for a request under subparagraph (E);

(iv) the notice includes--

(I) a domestic contact telephone and facsimile machine number for the recipient to transmit such a request to the sender; and

(II) a cost-free mechanism for a recipient to transmit a request pursuant to such notice to the sender of the unsolicited advertisement; the Commission shall by rule require the sender to provide such a mechanism and may, in the discretion of the Commission and subject to such conditions as the Commission may prescribe, exempt certain classes of small business senders, but only if the Commission determines that the costs to such class are unduly burdensome given the revenues generated by such small businesses;

(v) the telephone and facsimile machine numbers and the cost-free mechanism set forth pursuant to clause (iv) permit an individual or business to make such a request at any time on any day of the week; and

(vi) the notice complies with the requirements of subsection (d) of [47 U.S.C. § 227].

18.   47 C.F.R. § 64.1200(a)(3) provides that no person or entity may: Use a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine, unless--:

1                              *      *      *

2      (iii) The advertisement contains a notice that informs the recipient of

3      the ability and means to avoid future unsolicited advertisements. A

4      notice contained in an advertisement complies with the requirements

5      under this paragraph only if--

6              (A) The notice is clear and conspicuous and on the first page

7              of the advertisement;

8              (B) The notice states that the recipient may make a request to

9              the sender of the advertisement not to send any future

10             advertisements to a telephone facsimile machine or machines

11             and that failure to comply, within 30 days, with such a request

12             meeting the requirements under paragraph (a)(3)(v) of this

13             section is unlawful;

14             (C) The notice sets forth the requirements for an opt-out

15             request under paragraph (a)(3)(v) of this section;

16             (D) The notice includes--

17                     (1) A domestic contact telephone number and facsimile

18             machine number for the recipient to transmit such a request to

19             the sender; and

20                     (2) If neither the required telephone number nor

21             facsimile machine number is a toll-free number, a separate

22             cost-free mechanism including a Web site address or e-mail

23             address, for a recipient to transmit a request pursuant to such

24             notice to the sender of the advertisement. A local telephone

25             number also shall constitute a cost-free mechanism so long as

26             recipients are local and will not incur any long distance or

27             other separate charges for calls made to such number; and

28

1        (E) The telephone and facsimile numbers and cost-free

2        mechanism identified in the notice must permit an individual

3        or business to make an opt-out request 24 hours a day, 7 days

4        a week.

5        19.    47 C.F.R. § 64.1200(a)(3)(iv) further provides that "[a] facsimile

6    advertisement that is sent to a recipient that has provided prior express invitation

7    or permission to the sender must include an opt-out notice that complies with the

8    requirements in paragraph (a)(3)(iii) of this section."

9        20.    47 U.S.C. § 227(b)(3) provides:

10       Private right of action

11       A person or entity may, if otherwise permitted by the laws or

12       rules of court of a State, bring in an appropriate court of that State --

13           (A) an action based on a violation of this subsection or the

14           regulations prescribed under this subsection to enjoin such

15           violation,

16           (B) an action to recover for actual monetary loss from such a

17           violation, or to receive $500 in damages for each such

18           violation, whichever is greater, or

19           (C) both such actions.

20       If the court finds that the defendant willfully or knowingly violated

21       this subsection or the regulations prescribed under this subsection,

22       the court may, in its discretion, increase the amount of the award to

23       an amount equal to not more than 3 times the amount available under

24       subparagraph (B) of this paragraph.

25       21.    47 U.S.C. § 312(f)(1) provides that "[t]he term 'willful,' when used

26   with reference to the commission or omission of any act, means the conscious and

27   deliberate commission or omission of such act, irrespective of any intent to

28   violate any provision of [the chapter under which 47 U.S.C § 227 falls] or any

1  rule or regulation of the Commission authorized by [the chapter under which 47

2  U.S.C § 227 falls] or by a treaty ratified by the United States."

3  <div align="center">**THE CONNECTICUT UNSOLICITED FAX STATUTE**</div>

4     22.    Conn. Gen. Stat. § 52-570c(a) provides that "[n]o person shall use a

5  machine that electronically transmits facsimiles through connection with a

6  telephone network . . . to transmit unsolicited advertising material . . . which

7  offers to sell goods or services."

8     23.    Conn. Gen. Stat. § 52-570c(d) authorizes any person aggrieved by

9  violations of § 52-570c(a) to bring a civil action requesting injunctive relief, $500

10  for each violation and costs and attorneys fees.

11  <div align="center">**THE CALIFORNIA UNSOLICITED FAX STATUTE**</div>

12     24.    Cal. Bus. & Professions Code § 17538.43(b)(1) provides: "It is

13  unlawful for a person or entity, if either the person or entity or the recipient is

14  located within California, to use any telephone facsimile machine, computer, or

15  other device to send, or cause another person or entity to use such a device to

16  send, an unsolicited advertisement to a telephone facsimile machine."

17     25.    Cal. Bus. & Professions Code § 17538.43(b)(2) provides:

18        In addition to any other remedy provided by law, including a remedy

19        provided by the Telephone Consumer Act (47 U.S.C. Sec. 227 and

20        following), a person or entity may bring an action for a violation of

21        this subdivision seeking the following relief:

22            (A) Injunctive relief against further violations.

23            (B) Actual damages or statutory damages of five hundred

24            dollars ($500) per violation, whichever amount is greater.

25            (C) Both injunctive relief and damages as set forth in

26            subparagraphs (A) and (B).

27        If the court finds that the defendant willfully or knowingly violated

28        this subdivision, the court may, in its discretion, increase the amount

1    of the award to an amount equal to not more than three times the

2    amount otherwise available under subparagraph (B).

3                       **CLASS ACTION ALLEGATIONS**

4         26.    Plaintiff brings this class action on behalf of itself and all others

5    similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

6         27.    <u>Statutory Reference</u>.  This litigation is properly maintainable as a

7    class action pursuant to Rules 23(b)(1)(A), 23(b)(2) and 23(b)(3).

8         28.    <u>Definition of the Proposed Class</u>.  Plaintiff seeks to represent four

9    classes of individuals (the "Classes") defined as follows:

10        Class A:  All persons in the United States from four years prior to

11   the date of the filing of the complaint through the present to whom Defendant

12   sent or caused to be sent an unsolicited facsimile advertisement advertising the

13   commercial availability or quality of any property, goods, or services, which

14   contained an opt-out notice identical or substantially similar to that contained on

15   the facsimile advertisement attached hereto as Exhibit A.

16        Class B:  All persons in the United States from four years prior to the

17   date of the filing of the complaint through the present to whom Defendant sent or

18   caused to be sent an unsolicited and/or solicited facsimile advertisement

19   advertising the commercial availability or quality of any property, goods, or

20   services, which contained an opt-out notice identical or substantially similar to

21   that contained on the facsimile advertisement attached hereto as Exhibit A.

22        Class C: All persons in the State of Connecticut to whom, from two

23   years prior to the date of the filing of the complaint to the present, Defendant sent

24   or caused to be sent a facsimile advertisement advertising the commercial

25   availability or quality of any property, goods, or services, without obtaining the

26   persons' express invitation or permission.

27        Class D:  All persons in the United States from three years prior to

28   the date of the filing of the complaint through the present to whom Defendant

sent or caused to be sent an unsolicited facsimile advertisement advertising the commercial availability or quality of any property, goods, or services, without obtaining the persons' express invitation or permission.

29. <u>Approximate Size of the Proposed Class</u>: Upon information and belief there are, at a minimum, thousands of class members of Classes A, B, C and D. Upon information and belief, the Classes' sizes and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to, Defendant's fax and marketing records. The Classes are so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

30. <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the Classes because Plaintiff's interests do not conflict with the interests of the members of the Classes. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Classes and has no interests antagonistic to the members of the Classes. Plaintiff has retained counsel who are competent and experienced in litigation in the federal courts, TCPA litigation and class action litigation.

31. <u>Commonality of Questions of Fact and Law</u>: There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Classes. The questions of fact and law common to Plaintiff and Class A predominate over questions that may affect individual members, and include:

(a) Whether Defendant's conduct of sending and/or causing to be sent to Plaintiff and the members of Class A fax advertisements without Plaintiff's and members of Class A's express invitation or permission, which advertised the commercial availability or quality of property, goods, or services and which contained an opt-out notice that was identical or

1  substantially similar to the opt-out notice contained in the fax attached as
2  Exhibit 1, by facsimile, computer or other device, violated 47 U.S.C. §
3  227(b) and/or the regulations thereunder;

4  (b) Whether Defendant's conduct of sending and/or causing to be sent to
5  Plaintiff and the members of Class A unsolicited fax advertisements, which
6  advertised the commercial availability or quality of property, goods, or
7  services and which contained an opt-out notice that was identical or
8  substantially similar to the opt-out notice contained in the fax attached as
9  Exhibit 1, by facsimile, computer or other device, was knowing or willful;

10  (c) Whether Plaintiff and the members of Class A are entitled to statutory
11  damages, triple damages and costs for Defendant's acts and conduct; and

12  (d) Whether Plaintiff and members of Class A are entitled to a permanent
13  injunction enjoining Defendant from continuing to engage in their unlawful
14  conduct.

15  32.    The questions of fact and law common to Plaintiff and Class B
16  predominate over questions which may affect individual members and include:

17  (a) Whether Defendant's conduct of sending and/or causing to be sent to
18  Plaintiff and the members of Class B fax advertisements, which advertised
19  the commercial availability or quality of property, goods, or services and
20  which contained an opt-out notice that was identical or substantially similar
21  to the opt-out notice contained in the fax attached as Exhibit 1, by
22  facsimile, computer or other device, violated 47 U.S.C. § 227(b) and/or the
23  regulations thereunder;

24  (b) Whether Defendant's conduct of sending and/or causing to be sent to
25  Plaintiff and the members of Class B fax advertisements, which advertised
26  the commercial availability or quality of property, goods, or services and
27  which contained an opt-out notice that was identical or substantially similar

28

1   to the opt-out notice contained in the fax attached as Exhibit 1, by

2   facsimile, computer or other device, was knowing or willful;

3   (c) Whether Plaintiff and the members of Class B are entitled to statutory

4   damages, triple damages and costs for Defendant's acts and conduct; and

5   (d) Whether Plaintiff and members of Class B are entitled to a permanent

6   injunction enjoining Defendant from continuing to engage in its unlawful

7   conduct.

8   33.     The questions of fact and law common to Plaintiff and Class C

9   predominate over questions which may affect individual members and include the

10  following:

11  (a) Whether Defendant's conduct of sending and/or causing to be sent to

12  Plaintiff and the members of Class C fax advertisements without Plaintiff's

13  and members of Class C's express invitation or permission, which

14  advertised the commercial availability or quality of property, goods, or

15  services violated Conn. Gen. Stat. Ann. § 52-570c(a);

16  (b) Whether Plaintiff and the members of Class C are entitled to statutory

17  damages for Defendant's acts and conduct; and

18  (c) Whether Plaintiff and members of Class C are entitled to a permanent

19  injunction enjoining Defendant from continuing to engage in its unlawful

20  conduct; and

21  (d) Whether Plaintiff and members of Class C are entitled to attorneys' fees

22  and costs for this action.

23  34.     The questions of fact and law common to Plaintiff and Class D

24  predominate over questions which may affect individual members and include the

25  following:

26  (a) Whether Defendant's conduct of sending and/or causing to be sent to

27  Plaintiff and the members of Class D fax advertisements without Plaintiff's

28  and members of Class D's express invitation or permission, which

advertised the commercial availability or quality of property, goods, or services violated Cal. Bus. & Professions Code § 17538.43(b);

(b) Whether Plaintiff and the members of Class D are entitled to statutory damages for Defendant's acts and conduct; and

(c) Whether Plaintiff and members of Class D are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct.

35.    Typicality of Claims and Defenses:  Plaintiff's claims are typical of the claims of the members of Class A. The claims of the Plaintiff and members of Class A are based on the same legal theories and arise from the same unlawful conduct. Plaintiff and members of Class A each received at least one fax advertisement advertising the commercial availability or quality of property, goods, or services, which contained an opt-out notice that was identical or substantially similar to the opt-out notice contained in the fax attached as Exhibit 1, and which Defendant sent or caused to be sent without Plaintiff's and the members of Class A's express permission or invitation.

36.    Plaintiff's claims also are typical of the claims of the members of Class B. The claims of the Plaintiff and members of Class B are based on the same legal theories and arise from the same unlawful conduct. Plaintiff and members of Class B each received at least one fax advertisement advertising the commercial availability or quality of property, goods, or services, which contained an opt-out notice that was identical or substantially similar to the opt-out notice contained in the fax attached as Exhibit 1.

37.    Plaintiff's claims are typical of the claims of the members of Class C. The claims of the Plaintiff and members of Class C are based on the same legal theories and arise from the same unlawful conduct. Plaintiff and members of Class C each received at least one fax advertisement advertising the commercial availability or quality of property, goods, or services, which Defendant sent or

1  caused to be sent without Plaintiff's and the members of Class C's express
2  permission or invitation.

3      38.   Plaintiff's claims are typical of the claims of the members of Class
4  D. The claims of the Plaintiff and members of Class D are based on the same
5  legal theories and arise from the same unlawful conduct.  Plaintiff and members
6  of Class D each received at least one fax advertisement advertising the
7  commercial availability or quality of property, goods, or services, which
8  Defendant sent or caused to be sent without Plaintiff's and the members of Class
9  D's express permission or invitation.

10     39.   Nature of required/contemplated notice to the proposed class:
11  Members of the Classes may be notified of the pendency of this action by
12  techniques and forms commonly used in class actions, such as by published
13  notice, e-mail notice, website notice, fax notice, first class mail, or combinations
14  thereof, or by other methods suitable to this class and deemed necessary and/or
15  appropriate by the Court.

16     40.   Additional allegations supporting Fed. R. Civ. P. 23(b)(3) Class
17  Action:  In addition to the foregoing allegations regarding common questions of
18  law and fact that support this action proceeding as a class action pursuant to Rule
19  23(b)(3), a class action pursuant to Rule 23(b)(3) is superior to other available
20  means for the fair and efficient adjudication of the claims of the Classes. While
21  the aggregate damages that may be awarded to the members of the Classes are
22  likely to be substantial, the damages suffered by individual members of the
23  Classes are relatively small. As a result, the expense and burden of individual
24  litigation make it economically unfeasible and procedurally impracticable for
25  each member of the Classes to individually seek redress for the wrongs done to
26  him, her or it. The likelihood that the individual members of the Classes will
27  prosecute separate claims is remote. Individual litigation also would present the
28  potential for varying, inconsistent or contradictory judgments, and would increase

1   the delay and expense to all parties and the court system resulting from multiple

2   trials of the same factual issues. Plaintiff does not know of any other litigation

3   concerning this controversy already commenced against Defendant by any

4   member of the Classes.  In contrast to proceeding with individual litigations,

5   proceeding with this matter as a class action presents fewer management

6   difficulties, conserves the resources of the parties and the court system, and

7   would protect the rights of each member of the Classes. Plaintiff knows of no

8   difficulty to be encountered in the management of this action that would preclude

9   its maintenance as a class action.

10      41.   Injunctive Relief:  Defendant has acted on grounds generally

11   applicable to Plaintiff and members of the Classes, thereby making appropriate

12   final injunctive relief with respect to Plaintiff and the Classes as a whole.

13      **FIRST CLAIM FOR MONETARY RELIEF FOR VIOLATION OF**

14         **47 U.S.C. § 227(B) AND 47 C.F.R. § 64.1200**

15      42.   Plaintiff repeats and realleges all the allegations set forth in

16   paragraphs 1 through 41.

17      43.   By the conduct described above, Defendant committed more than

18   10,000 violations of 47 U.S.C. § 227(b) against Plaintiff and the members of

19   Class A, to wit: the fax advertisements Defendant sent and/or caused to be sent to

20   Plaintiff and the members of Class A were unsolicited and did not contain a

21   notice meeting the requirements of 47 U.S.C. § 227(b)(2)(D) and 47 C.F.R. §

22   64.1200(a)(3)(iii);

23      44.   By reason of the Defendant's violations of 47 U.S.C. § 227(b) and

24   47 C.F.R. § 64.1200(a)(3)(iii), Plaintiff and the members of Class A are entitled

25   to statutory damages under 47 U.S.C. § 227(b) in an amount greater than

26   $5,000,000 from Defendant.

27      45.   If it is found that Defendant willfully and/or knowingly sent and/or

28   caused to be sent unsolicited fax advertisements that did not contain a notice

1  meeting the requirements of 47 U.S.C. § 227(b)(2)(D) and/or 47 C.F.R. §

2  64.1200(a)(3)(iii) to Plaintiff and the members of Class A, Plaintiff and the

3  members of Class A are entitled to a tripling of the statutory damage award

4  against Defendant.

## SECOND CLAIM FOR MONETARY RELIEF FOR VIOLATION OF
## 47 U.S.C. § 227(B) AND 47 C.F.R. § 64.1200

7      46.    Plaintiff repeats and realleges all the allegations set forth in

8  paragraphs 1 through 41.

9      47.    By the conduct described above, Defendant committed more than

10  10,000 violations of 47 U.S.C. § 227(b) against Plaintiff and the members of

11  Class B, to wit: the fax advertisements Defendant sent and/or caused to be sent to

12  Plaintiff and the members of Class B were either unsolicited and did not contain a

13  notice meeting the requirements of 47 C.F.R. § 64.1200(a)(3)(iii) and/or §

14  227(b)(2)(D) , or were solicited and did not contain a notice meeting the

15  requirements of 47 C.F.R. § 64.1200(a)(3)(iii) and 47 C.F.R. § 64.1200(a)(3)(iv).

16     48.    By reason of Defendant's violations of 47 U.S.C. § 227(b), 47

17  C.F.R. § 64.1200(a)(3)(iii) and 47 C.F.R. § 64.1200(a)(3)(iv), Plaintiff and the

18  members of Class B are entitled to statutory damages under 47 U.S.C. § 227(b) in

19  an amount greater than $5,000,000 from Defendant.

20     49.    If it is found that Defendant willfully and/or knowingly sent and/or

21  caused to be sent fax advertisements that did not contain a notice meeting the

22  requirements of 47 C.F.R. § 64.1200(a)(3)(iii) and 47 C.F.R. § 64.1200(a)(3)(iv)

23  to Plaintiff and the members of Class B, Plaintiff and the members of Class B are

24  entitled to a tripling of the statutory damage award against Defendant.

25

26

27

28

1  **THIRD CLAIM FOR INJUNCTIVE RELIEF FOR VIOLATION OF**

2  **47 U.S.C. § 227(B) AND 47 C.F.R. § 64.1200**

3        50.    Plaintiff repeats and realleges all the allegations set forth in

4  paragraphs 1 through 41.

5        51.    Upon information and belief, Defendant committed thousands of

6  violations of 47 U.S.C. § 227(b) and the regulations thereunder.

7        52.    Under 47 U.S.C. § 227(b)(3)(A), Plaintiff and the members of

8  Classes A and B are entitled to an injunction against Defendant prohibiting

9  Defendant from committing further violations of the above-mentioned statutes

10  and regulations.

11  **FOURTH CLAIM FOR MONETARY RELIEF FOR VIOLATION OF**

12  **CONN. GEN. STAT. § 52-570c(a)**

13        53.    Plaintiff repeats and realleges all the allegations set forth in

14  paragraphs 1 through 41.

15        54.    Upon information and belief, Defendant committed thousands of

16  violations of Conn. Gen. Stat. § 52-570c(a).

17        55.    Pursuant to Conn. Gen. Stat. § 52-570c(d), Plaintiff and the members

18  of Class C are entitled to statutory damages in an amount to be determined at

19  trial, their attorneys fees, and their costs in this action.

20  **FIFTH CLAIM FOR INJUNCTIVE RELIEF FOR VIOLATION OF**

21  **CONN. GEN. STAT. § 52-570c(a)**

22        56.    Plaintiff repeats and realleges all the allegations set forth in

23  paragraphs 1 through 41.

24        57.    Upon information and belief, Defendant committed thousands of

25  violations of Conn. Gen. Stat. § 52-570c(a).

26        58.    Pursuant to Conn. Gen. Stat. § 52-570c(d), Plaintiff and the members

27  of Class C are entitled to an injunction against Defendant prohibiting Defendant

28  from committing further violations of Conn. Gen. Stat. § 52-570c(a), as well as

1   their attorneys fees and costs in this action.

2   ## SIXTH CLAIM FOR MONETARY RELIEF FOR VIOLATION OF
3   ## CAL. BUS. & PROFESSIONS CODE § 17538.43(b)

4       59.    Plaintiff repeats and realleges all the allegations set forth in
5   paragraphs 1 through 41.

6       60.    By the conduct described above, Defendant committed more than
7   10,000 violations of violations of Cal. Bus. & Professions Code § 17538.43(b).

8       61.    By reason of Defendant's violations of Cal. Bus. & Professions Code
9   § 17538.43(b), Plaintiff and the members of Class D are entitled to statutory
10  damages in an amount greater than $5,000,000 from Defendant.

11      62.    If it is found that Defendant willfully and/or knowingly sent and/or
12  caused to be sent unsolicited fax advertisements to Plaintiff and the members of
13  Class D, Plaintiff and the members of Class D are entitled to a tripling of the
14  statutory damage award against Defendant.

15  ## SEVENTH CLAIM FOR INJUNCTIVE RELIEF FOR VIOLATION OF
16  ## CAL. BUS. & PROFESSIONS CODE § 17538.43(b)

17      63.    Plaintiff repeats and realleges all the allegations set forth in
18  paragraphs 1 through 41.

19      64.    Upon information and belief, Defendant committed more than
20  10,000 violations of Cal. Bus. & Professions Code § 17538.43(b).

21      65.    Pursuant to Cal. Bus. & Professions Code § 17538.43(b), Plaintiff
22  and the members of  Class D are entitled to an injunction against Defendant
23  prohibiting Defendant from committing further violations of Cal. Bus. &
24  Professions Code § 17538.43(b).

25

26

27

28

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of itself and the members of the Classes, requests:

A.     an order certifying the Classes, appointing Plaintiff as the representative of the Classes, and appointing the law firms representing Plaintiff as counsel for the Classes;

B.     on the first and second claims, an award to Plaintiff and the members of Classes A and B, and against Defendant, of statutory damages in excess of $5,000,000 for each of Classes A and B, pursuant to 47 U.S.C. § 227(b), for Defendant's violations of that statute and the regulations thereunder;

C.     on the first and second claims, if it is found that Defendant willfully and/or knowingly sent and/or caused to be sent fax advertisements to Classes A and/or B, a tripling of the award of statutory damages pursuant to 47 U.S.C. § 227(b) to an amount in excess of $15,000,000 for each of Classes A and B against Defendant;

D.     on the third claim, an injunction against Defendant prohibiting Defendant from committing further violations of 47 U.S.C. § 227(b) and the regulations promulgated thereunder;

E.     on the fourth claim, an award to Plaintiff and the members of Class C, and against Defendant, of statutory damages in an amount to be determined at trial, attorneys' fees and costs, pursuant to Conn. Gen. Stat. § 52-570c(d);

F.     on the fifth claim, an injunction against Defendant prohibiting Defendant from committing further violations of Conn. Gen. Stat. § 52-570c(a), as well as an award to Plaintiff and the members of Class C of attorneys' fees and costs, pursuant to Conn. Gen. Stat. § 52-570c(d);

G.     on the sixth claim, an award to Plaintiff and the members of Class D, and against Defendant, of statutory damages in excess of $5,000,000, for Defendant's violations of Cal. Bus. & Professions Code § 17538.43(b);

1      H.     on the sixth claim, if it is found that Defendant willfully and/or

2  knowingly sent and/or caused to be sent unsolicited fax advertisements to Class

3  D, a tripling of the award of statutory damages pursuant to Cal. Bus. &

4  Professions Code § 17538.43(b) to an amount in excess of $15,000,000 for Class

5  D against Defendant;

6      I.     on the seventh claim, an injunction against Defendant prohibiting

7  Defendant from committing further violations of Cal. Bus. & Professions Code §

8  17538.43(b); and

9      J.     such further relief as the Court deems proper.

10  Dated:  November 21, 2011

11

12                                    _____
                                      ROGER FURMAN, ESQ.

13                                    AYTAN Y. BELLIN, ESQ.
                                      BELLIN & ASSOCIATES LLC
14

15

16                                    Attorneys for plaintiff 3081 Main
                                      Street, LLC d/b/a New England Wine
17                                    and Spirits, on behalf of itself and all
                                      others similarly situated
18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

1

## DEMAND FOR JURY TRIAL

2   Plaintiff demands a jury trial on all issues so triable.

3

4   Dated:  November 21, 2011

5

6   ROGER FURMAN, ESQ.

7   AYTAN Y. BELLIN, ESQ.
8   BELLIN & ASSOCIATES LLC

9   Attorneys for plaintiff 3081 Main
10  Street, LLC d/b/a New England Wine
    and Spirits, on behalf of itself and all
11  others similarly situated

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22

COMPLAINT

**EXHIBIT 1**

23

COMPLAINT

 **NAILPRO**

**FREE**
**Subscription Renewal**

Dear Subscriber,

Renew your **FREE** subscription to *Nailpro* magazine NOW and keep this award-winning publication coming your way for a full calendar year without another reminder from us. *Nailpro* magazine is **FREE** to qualified subscribers, and the best time to renew is NOW!

Please fax this completed renewal form to the below toll-free fax number at your earliest convenience.

Sincerely,

*Nailpro* magazine
Subscription Services

# FREE SUBSCRIPTION RENEWAL

NL 87521050

If address
is incorrect,
please
correct.
➜

JAMES LEE
OWNER
CLASSY NAILS
52 DANBURY RD
RIDGEFIELD, CT 06877-4019

## DON'T MISS OUT, RENEW TODAY!

## Step 1

☐ YES! Renew my complimentary subscription to *Nailpro* magazine.
☐ No, thanks.

_____   _____
SIGNATURE                                         DATE

## Step 2

Please supply your email address:

_____

*NAILPRO will use your email address to contact you about your subscription and to send you other information of interest from our parent Creative Age.*

## Step 3
Answer these questions to continue to receive *NAILPRO*!

**1. What is your primary business?**
☐ 07 Nail salon
☐ 06 Mobile salon
☐ 13 Indoor tanning salon
☐ 15 Resort/hotel spa
☐ 26 Full-service distributor
☐ 28 Manufacturers' rep
☐ 30 Beauty school
☐ 99 Other (please describe)

**2. What is your primary job title?**
☐ 15 Owner/principal
☐ 11 Nail technician
☐ 16 Salon manager
☐ 05 Educator
☐ 21 Student
☐ 06 Esthetician
☐ 07 Hair stylist
☐ 99 Other (please describe)

**3. Do you make purchasing decisions?**
☐ 01 Approve purchases
☐ 02 Recommend purchases
☐ 09 No involvement

**4. What services are provided at your facility?**
(select all that apply)
☐ 07 Nail care
☐ 08 Permanent make-up
☐ 09 Make-up application
☐ 05 Hair removal
☐ 04 Hair cutting/styling
☐ 03 Hair coloring
☐ 01 Body scrubs & masks
☐ 16 Sunless tanning
☐ 17 UV tanning
☐ 46 Salon/spa retail center
☐ 99 Other (please describe)

**JMXNL**

If you do not wish to receive information about your subscription to *Nailpro* via fax, then you may call toll-free 800.624.4196 (847.763.9615), or use the Privacy Preference Center on nailpro.com, or check the following statement and fax this form back to 866.231.5372. ☐ Do not contact me via fax.

## Fax Complimentary Renewal Form to 866.231.5372

24
COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## CV11- 9774 JFW (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X]** **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ]** **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ]** **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Aytan Y. Bellin, Esq., Bellin & Associates LLC
85 Miles Avenue, White Plains, NY 10606

Roger Furman, Esq.
7485 Henefer Avenue, Los Angeles, CA 90045

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 3081 MAIN STREET, LLC<br>d/b/a NEW ENGLAND WINE AND SPIRITS, on<br>behalf of itself and all others similarly situated,<br><div align="right">PLAINTIFF(S)</div><br><div align="center">v.</div><br>CREATIVE AGE PUBLICATIONS, INC.,<br><br><div align="right">DEFENDANT(S).</div> | CASE NUMBER<br><br>CV11-09774 JFW (SHx)<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): Creative Age Publications, Inc.

A lawsuit has been filed against you.

Within   21   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  Roger Furman, Esq.  , whose address is 7485 Henefer Avenue, Los Angeles, California 90045  . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

NOV 2 3 2011

Clerk, U.S. District Court

Dated: _____

By: _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

Name & Address:
Aytan Y. Bellin, Esq., Bellin & Associates LLC
85 Miles Avenue, White Plains, NY 10606

Roger Furman, Esq.
7485 Henefer Avenue, Los Angeles, CA 90045

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 3081 MAIN STREET, LLC<br>d/b/a NEW ENGLAND WINE AND SPIRITS, on<br>behalf of itself and all others similarly situated,<br><div align="right">PLAINTIFF(S)</div><br>v.<br><br>CREATIVE AGE PUBLICATIONS, INC.,<br><br><div align="right">DEFENDANT(S).</div> | CASE NUMBER<br><br>CV11-09774 JFW (SHx)<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): Creative Age Publications, Inc.

A lawsuit has been filed against you.

Within   21   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  Roger Furman, Esq. _____, whose address is 7485 Henefer Avenue, Los Angeles, California 90045 _____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

NOV 2 3 2011

Dated: _____

Clerk, U.S. District Court

JULIE PRADO

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    **SUMMONS**

11/22/2011 14:53 FAX                                                                                    @002

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □) | DEFENDANTS |
|---|---|
| 3081 Main Street, LLC<br>d/b/a New England Wine and Spirits | Creative Age Publications, Inc. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Aytan Y. Bellin, Esq., Bellin & Associates LLC<br>85 Miles Avenue, White Plains, NY 10606 (914) 358-5345<br>Roger Furman, 7485 Henefer Avenue, Los Angeles, CA 90045 (310) 568-0640 | |

### II. BASIS OF JURISDICTION (Place an X in one box only.)

□ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

□ 2 U.S. Government Defendant    □ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

### IV. ORIGIN (Place an X in one box only.)

☒ 1 Original Proceeding   □ 2 Removed from State Court   □ 3 Remanded from Appellate Court   □ 4 Reinstated or Reopened   □ 5 Transferred from another district (specify):   □ 6 Multi-District Litigation   □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes □ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ 30,000,000 plus

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
47 U.S.C. Sec. 227(b), – Defendant transmitted solicited and unsolicited fax advertisements to Plaintiff and the Classes which had deficient opt-out notices

### VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY / PERSONAL INJURY | TORTS PERSONAL INJURY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | PERSONAL INJURY | PERSONAL PROPERTY | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 310 Airplane | □ 370 Other Fraud | | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 315 Airplane Product Liability | □ 371 Truth in Lending | □ 530 General | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 535 Death Penalty | □ 740 Railway Labor Act |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 540 Mandamus/ Other | □ 790 Other Labor Litigation |
| □ 470 Racketeer Influenced and Corrupt Organizations | | □ 340 Marine | BANKRUPTCY | □ 550 Civil Rights | □ 791 Empl. Ret. Inc. Security Act |
| □ 480 Consumer Credit | □ 151 Medicare Act | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 555 Prison Condition | PROPERTY RIGHTS |
| □ 490 Cable/Sat TV | □ 152 Recovery of Defaulted Student Loan (Excl. Veteran) | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | □ 820 Copyrights |
| □ 810 Selective Service | | □ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | □ 610 Agriculture | □ 830 Patent |
| □ 850 Securities/Commodities/ Exchange | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 360 Other Personal Injury | □ 441 Voting | □ 620 Other Food & Drug | □ 840 Trademark |
| □ 875 Customer Challenge 12 USC 3410 | □ 160 Stockholders' Suits | □ 362 Personal Injury-Med Malpractice | □ 442 Employment | □ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☒ 890 Other Statutory Actions | □ 190 Other Contract | □ 365 Personal Injury-Product Liability | □ 443 Housing/Acco-mmodations | | □ 861 HIA (1395ff) |
| □ 891 Agricultural Act | □ 195 Contract Product Liability | □ 368 Asbestos Personal Injury Product Liability | □ 444 Welfare | □ 630 Liquor Laws | □ 862 Black Lung (923) |
| □ 892 Economic Stabilization Act | □ 196 Franchise | | □ 445 American with Disabilities - Employment | □ 640 R.R. & Truck | □ 863 DIWC/DIWW (405(g)) |
| □ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | | □ 650 Airline Regs | □ 864 SSID Title XVI |
| □ 894 Energy Allocation Act | □ 210 Land Condemnation | □ 462 Naturalization Application | □ 446 American with Disabilities – Other | □ 660 Occupational Safety /Health | □ 865 RSI (405(g)) |
| □ 895 Freedom of Info. Act | □ 220 Foreclosure | □ 463 Habeas Corpus-Alien Detainee | □ 440 Other Civil Rights | □ 690 Other | FEDERAL TAX SUITS |
| □ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | □ 230 Rent Lease & Ejectment | □ 465 Other Immigration Actions | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| □ 950 Constitutionality of State Statutes | □ 240 Torts to Land | | | | □ 871 IRS-Third Party 26 USC 7609 |
| | □ 245 Tort Product Liability | | | | |
| | □ 290 All Other Real Property | | | | |

CV11 - 09774

**FOR OFFICE USE ONLY:**   Case Number:
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

| CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

11/22/2011 14:04 FAX @005

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

VIII(a).  IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed?  ☑No   ☐ Yes
If yes, list case number(s): _____

VIII(b).  RELATED CASES: Have any cases been previously filed in this court that are related to the present case?  ☑No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　　　 ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　　　 ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　　　 ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX.  VENUE:  (When completing the following information, use an additional sheet if necessary.)

(a)　List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐　Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | 3081 Main Street, LLC d/b/a New England Wine and Spirits - Ridgefield County, Connecticut |

(b)　List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐　Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Creative Age Publications, Inc. - Los Angeles County |  |

(c)　List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
　　　Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date   11/22/11

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |